# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **WILHY HARPO,** | |
|     **Plaintiff,** | |
|     v. | 1:16-cv-3965-WSD |
| **DANIEL J. CRAIG, Judge,** Richmond County Superior Court, et al., | |
|     **Defendants.** | |
| **WILHY HARPO,** | |
|     **Plaintiff,** | |
|     v. | 1:16-cv-4028-WSD |
| **SHAWN ELLEN LAGRUA, Judge,** Fulton County Superior Court; Official and Individual Capacities, et al., | |
|     **Defendants.** | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Wilhy Harpo's ("Plaintiff") Motions to Appoint Counsel, Motions to Amend Complaint, Motions for Reconsideration, and Motion for Time to Amend Motion for Reconsideration filed in civil action numbers 1:16-cv-3965-WSD ("October 24th Action"), and 1:16-cv-4028 ("October 27th Action").

**I.   BACKGROUND**

These are the latest in a series of actions filed in this Court by Mr. Harpo in which he seeks relief from a dispossessory action brought against him by Broadstone Maple, LLC ("Broadstone") in the Magistrate Court of Fulton County, Georgia. The Court has remanded each previous case for lack of subject matter jurisdiction. See, e.g., Order, Broadstone Maple, LLC v. Alexander Corporate Accommodations, LLC, No. 1:16-cv-2774-WSD (N.D. Ga. August 2, 2016) (Doc. 4).[1]

In these actions, which contain substantially similar allegations to one another and to Harpo's previous filings, Harpo again seeks to challenge a dispossessory action brought by Broadstone in the Magistrate Court of Fulton County, Georgia. (See October 24th Action, [3] at Prayer for Relief). Harpo seeks an emergency restraining order or injunction suspending the execution of a writ of possession issued by the Fulton County Magistrate Court. (Id.; October

---

[1] Because Plaintiff is a frequent filer of frivolous lawsuits, the Court has previously ordered him "to disclose his full litigation history in any civil rights complaint and/or [IFP] affidavit that he files." See, e.g., Williams v. Harpo, No. 1:16-cv-12225-WSD (N.D. Ga. 2016) (ECF No. 2 at 2); Harpo v. City of Atlanta, No. 1:16-cv-1067-WSD (N.D. Ga. 2016) (ECF No. 2 at 1-2); Harpo v. City of Atlanta, No. 1:14-cv-2157-WSD (N.D. Ga. 2014) (ECF No. 2 at 1-2); Harpo v. Fulton Cty. Sheriff, No. 1:14-cv-2208-WSD (N.D. Ga. 2014) (ECF No. 2 at 1-2).

27th Action, [3] at 6). Harpo also seeks an order stating that Judges Shawn LaGrua and Judge Daniel J. Craig do not have authority to preside over pending actions concerning Harpo. (October 27th Action, [3] at 7). Harpo also asserts over a dozen claims against Judge LaGrua, Judge Craig, the Fulton County District Attorney, the Richmond County District Attorney, the State Bar of Georgia, and the Governor of Georgia (together, "Defendants"). These claims include violations of state and federal RICO laws, false arrest, false imprisonment, libel, slander, excessive force, conspiracy to deny access to courts, terroristic threats, and "other claims." (Id. at 6). Harpo seeks $1,000,000 in damages, and $2,000,000 in damages specifically from Judge Craig. (Id.; October 24th Action, [3] at 8).

On February 3, 2017, the Court issued an Order dismissing these actions pursuant to the required frivolity review under 28 U.S.C. § 1915(e)(2)(B). The Court reiterated that it lacks subject matter jurisdiction over Harpo's state-court dispossessory action involving Broadstone. The Court found that Harpo's new claims asserted against Judges LaGrua and Craig are clearly baseless, because he failed to show that either judge acted in the clear absence of all jurisdiction. The Court also found that, to the extent Harpo raises claims against the district attorneys of Richmond County and Fulton County, his claims are required to be dismissed because prosecutors have absolute immunity from damages in Section

1983 actions for their prosecutorial actions. Accordingly, the Court dismissed this action.

On February 3, 2017, Harpo filed, in these cases and in several others, his Motion to Appoint Counsel, Motion to Amend Complaint, and Motion for Reconsideration. Harpo also filed, in civil action number 1:16-cv-4028, his Motion for Time to Amend Motion for Reconsideration. Harpo appears to seek reconsideration of the Court's order in another of Harpo's actions, Harpo v. Howard, et al., No. 1:16-cv-3876.

## II. DISCUSSION

Pursuant to Local Rule 7.2(E), "[m]otions for reconsideration shall not be filed as a matter of routine practice." L.R. 7.2(E), NDGa. Rather, such motions are only appropriate when "absolutely necessary" to present: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003) (internal quotations and citations omitted). Motions for reconsideration are left to the sound discretion of the district court and are to be decided as justice requires. Belmont Holdings Corp. v. SunTrust Banks, Inc., 896 F. Supp. 2d 1210, 1222-23 (N.D. Ga. 2012) (citing Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

Harpo does not present any newly discovered evidence, intervening development or change in controlling law, or need to correct a clear error of law or fact. Harpo claims that these actions raise new claims that were not asserted in Harpo's prior actions against Broadstone. Harpo does not, however, contest the Court's previous finding that his new claims, asserted against Judges LaGrua and Craig and the district attorneys of Richmond and Fulton Counties, are clearly baseless. He does not provide any additional information regarding the Court's jurisdiction over his claims stemming from his state-court dispossessory action. Harpo's Motion for Reconsideration is denied. Because the Court denies the Motion for Reconsideration, Harpo's Motion to Appoint Counsel, Motion to Amend Complaint, and Motion for Time to Amend Motion for Reconsideration are denied as moot.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Wilhy Harpo's Motions for Reconsideration [9] filed in civil action numbers 1:16-cv-3965-WSD and 1:16-cv-4028 are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Appoint Counsel and Motions to Amend Complaint filed in civil action numbers 1:16-cv-3965 and 1:16-cv-4028 are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Time to Amend Motion for Reconsideration [8] filed in civil action number 1:16-cv-4028 is **DENIED AS MOOT**.

**SO ORDERED** this 12th day of April, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE